UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

---

RONNIE DIGGS,

               Petitioner,

     -vs-

Superintendent PATRICK GRIFFIN,

               Respondent.

**DECISION AND ORDER**
**No. 6:13-CV-6228(MAT)**

---

## I.   Introduction

Ronnie Diggs ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner is incarcerated as the result of a January 30, 2003 judgment of the New York State, Monroe County Court, convicting him, after a jury trial, of four counts of Robbery in the First Degree (N.Y. Penal Law ("P.L.") §§ 160.15(2), (4)), three counts of Robbery in the Second Degree (P.L. §§ 160.10(1), (2)(a)), one count of Assault in the Second Degree (P.L. § 120.05(2)), and one count of Criminal Possession of a Weapon in the Second Degree (P.L. § 265.03(2)).

Petitioner filed a § 2254 petition in this Court challenging these underlying convictions, which was denied on March 22, 2011. Diggs v. Burge, 6:07-CV-6240(RJA)(VEB) (W.D.N.Y. Mar. 22, 2011). In the present habeas petition, he challenges only his September 2, 2010, resentencing proceeding.

## II.   Factual Background and Procedural History

### A.   The Underlying Convictions

The factual background concerning the underlying convictions is set forth in detail in Respondent's Memorandum of Law (Dkt #15-1). It need not be repeated here, since this petition does not address these convictions.

### B.   Petitioner's Resentencing

On June 16, 2010, Petitioner filed a _pro se_ motion to set aside his sentence pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20 on the ground that the court clerk improperly altered the sentence pronounced by the trial court by adding a period of post-release supervision ("PRS"). Petitioner claimed that the improper alteration annulled his sentence. The prosecution acknowledged that the trial court had failed to pronounce a PRS term and that the clerk's notation in the sentence and commitment papers did not satisfy the requirement that the sentencing court pronounce the PRS term of Petitioner's sentence. Rather than expunging the PRS term, the prosecution argued, the proper remedy was to vacate the sentence and have the County Court resentence him and include the required pronouncement of the PRS terms.

On August 26, 2010, the Monroe County Court Judge David Egan denied Petitioner's motion, but ordered that he be resentenced so that the court could make the proper sentencing pronouncements, including the required PRS terms. Petitioner's attorney filed a

motion to prevent Petitioner's resentencing on the indictment, arguing that to do so would constitute multiple punishments for the same offenses, and thereby violate Petitioner's rights under the Double Jeopardy clause.

On September 2, 2010, Petitioner appeared before Judge Egan, who denied his motion and resentenced Petitioner to concurrent, determinate prison terms of 25 years, plus 5 years of PRS, for each of the first-degree robbery counts; 15 years, plus 5 years of PRS, for each of the second-degree robbery counts; 7 years, plus 3 years of PRS, for the assault count; and 15 years, plus 5 years of PRS, for the weapons possession count.

Through counsel, Petitioner pursued a direct appeal to the Appellate Division, Fourth Department, of New York State Supreme Court, arguing that the 7½-year delay between his original sentencing and his resentencing divested the County Court of jurisdiction to resentence him. On September 28, 2012, the Appellate Division unanimously affirmed the resentence. People v. Diggs, 98 A.D.3d 1255 (4th Dep't 2012). On December 11, 2012, a judge of the New York Court of Appeals denied leave to appeal. People v. Diggs, 20 N.Y.3d 986 (2012).

**C.   The Federal Habeas Proceeding**

In his timely-filed pro se habeas petition, Petitioner argues that (1) the clerk of the Monroe County Court improperly added a period of PRS to the original sentence pronounced by the County

Court judge; (2) the County Court lacked jurisdiction to resentence Petitioner due to the delay in resentencing; and (3) the concurrent PRS terms render his sentence excessive.

On December 6, 2013, prior to Respondent answering the petition, Petitioner filed a motion for default judgment premised on Respondent having moved for an extension of time to file his answer. On December 10, 2013, Respondent answered the petition. Petitioner did not submit a reply.

For the reasons that follow, Petitioner's request for a writ of habeas corpus is denied, and the petition is dismissed. Petitioner's motion for default judgment is denied with prejudice.

**III. Discussion**

    **A.     Exhaustion and Procedural Default**

A federal court generally may not consider the merits of a claim unless the petitioner has first given the state the "'opportunity to . . . correct' alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (quoting <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)). The Supreme Court has held that where a question of federal law is decided by a state court on "a state law ground that is independent of the federal question and adequate to support the judgment[,]" <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991) citations omitted), the claim is procedurally defaulted and will not be reviewed on the merits by a federal habeas court, <u>see</u> <u>id.</u>

Respondent asserts the defense of non-exhaustion with regard to Petitioner's claim that the court clerk improperly added a term of PRS to his sentence; Respondent notes that Petitioner did not raise this issue on the direct appeal of his resentencing. With regard to Petitioner's claim of an unreasonable delay between his sentencing and resentencing, Respondent argues that this claim is procedurally defaulted based upon the Appellate Division's reliance on an adequate and independent state ground to dismiss it. In addition, Respondent argues, it is unexhausted because Petitioner did not fairly present the claim in federal constitutional terms. Finally, Respondent argues that Petitioner's excessive sentence claim is unexhausted because it was not raised in any state court forum, but that it must be deemed exhausted because it is procedurally barred from being raised in the state courts now.

The Court declines to resolve the issues raised by Respondent's assertion of the defenses of non-exhaustion and procedural default, and instead proceeds directly to consideration of the merits of Petitioner's claims. See Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (stating that bypassing procedural questions to reach the merits of a habeas petition is justified "if the [underlying issues] are easily resolvable against the habeas petitioner, whereas the procedural bar issue involved complicated issues of state law"); Boddie v. New York State Div. of Parole, 288 F. Supp.2d 431, 439 (S.D.N.Y. 2003) ("[P]otentially complex and

-5-

difficult issues about the various obstacles to reaching the merits [of a habeas petition] should not be allowed to obscure the fact that the underlying claims are totally without merit.") (quotation omitted).

### B.   Merits of the Petition

#### 1.   Ground One: Improper Addition of a Term of PRS

Petitioner argues that after his sentence was pronounced by the judge, the court clerk improperly added a 5-year term of PRS to his sentencing and commitment papers. Respondent argues that this claim is moot because Petitioner was resentenced, and the terms of PRS were properly pronounced by the sentencing judge at that time.

Under Article III, § 2, of the United States Constitution, the jurisdiction of the federal courts is restricted to the adjudication of live cases or controversies. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Federal jurisdiction thus lies only where the petitioner has "'suffered, or [is] threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). When a claim does not present a live case or controversy, a federal court must dismiss the claim as moot. See id. The Second Circuit has explained that "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be

given or is no longer needed." <u>Martin-Trigona v. Shiff</u>, 702 F.2d 380, 386 (2d Cir. 1983).

Here, the County Court vacated the PRS term that the court clerk wrote into Petitioner's sentence. On September 2, 2010, the court resentenced Petitioner and pronounced the PRS terms that would accompany each determinate prison sentence for Petitioner's convictions. Because Petitioner is now serving the sentences authorized only by the County Court, he has received all of the relief to which he is entitled on this claim, and it should be dismissed as moot. <u>See</u> <u>Escalante v. Brown</u>, No. 08-CV-2040, 2009 WL 3075311, at *1 (E.D.N.Y. Sept. 21, 2009) (finding habeas petitioner's challenge to his PRS term to be moot because the procedurally infirm term of PRS was lifted, the matter was remitted to the trial court, and the trial court properly re-sentenced petitioner to a PRS term); <u>accord</u> <u>Edwards v. People of the State of N.Y.</u>, No. 08 Civ. 0112(RJS)(JCF), 2009 WL 4016412, at *2, *5 (S.D.N.Y. Nov. 18, 2009) (same).

### 2.  Ground Two: Excessive Sentence

Petitioner argues that his aggregate sentence is excessive to the extent it exceeds the determinate prison term of 25 year authorized for the top count of the indictment. Respondent argues that this claim does not present a federal constitutional question.

The Second Circuit has stated that "[n]o federal constitutional issue is presented where . . . the sentence is

within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) (citing Underwood v. Kelly, 692 F. Supp. 146, 152 (E.D.N.Y. 1988), aff'd mem., 875 F.2d 857 (2d Cir. 1989)); see also Bellavia v. Fogg, 613 F.2d 369, 373-74, n. 7 (2d Cir. 1979) (sentencing statute is properly the province of the state legislature). Here, the top counts of the indictment on which Petitioner was sentenced were four counts of first-degree robbery (P.L. § 160.15(2) (armed with a deadly weapon), (4) (displays what appears to be a firearm)). He received concurrent, determinate terms of 25 years on each conviction. See N.Y. PENAL LAW § 160.15 (classifying first-degree robbery as a class B felony); id., § 70.02(1)(a) (classifying first-degree robbery as a class B violent felony offense); id., § 70.02(2)(a) (requiring a determinate sentence for class B violent felony offense); id., § 70.02(3)(a) (requiring a term of sentence of at least five years and no greater than 25 years for a class B violent felony offense); id., § 70.45(2) (stating that, subject to exceptions not applicable here, the "period of post-release supervision for a determinate sentence shall be five years. . . ."). Petitioner complains that concurrent 5-year terms of post-release supervision added to his aggregate prison term of 25 years made his sentence longer than the permissible statutory maximum of 25 years. Therefore, he argues, it is not authorized by the Penal Law. However, "[t]he statute is quite clear that the periods of post-release supervision are

*mandatory* and are *in addition to* the determinate sentence of incarceration imposed." <u>Van Gorden v. Superintendent</u>, No. 9:03-CV-1350, 2007 WL 844901, at *10 & n.15 (N.D.N.Y. Mar. 19, 2007) (quoting N.Y. PENAL LAW § 70.45(1) ("Each determinate sentence also includes, as a part thereof, *an additional period* of post-release supervision.") (emphasis added in <u>Van Gorden</u>). Taking into account all of the required sections of the Penal Law implicated by Petitioner's convictions, his sentence does not exceed the statutorily permitted range. Accordingly, his sentencing claim does not present a federal constitutional question for this Court to review. <u>See</u> <u>id.</u>

### 3.   Ground Three: Lack of Jurisdiction

Petitioner argues, as he did on direct appeal that the more than 7½-year gap between his original sentencing and his resentencing divested the trial court of jurisdiction to resentence him pursuant to C.P.L. § 380.30(1). Respondent contends that because the County Court's authority to resentence him was derived solely from New York state law, his claim therefore is not cognizable in this habeas proceeding.

The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011) (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)). "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral

attack in the federal courts." <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16 (2010). Petitioner here has failed to allege how the delay in his resentencing proceeding violated federal constitutional law. Accordingly, this claim cannot provide a basis for habeas relief under 28 U.S.C. § 2254. <u>See</u> <u>Thomas v. Heath</u>, 10 CIV.5861 BSJ JLC, 2011 WL 1849097, at *7 (S.D.N.Y. May 16, 2011).

Furthermore, Petitioner has not established that the delay in resentencing violated state law. Under C.P.L. § 380.30(1), a defendant must be sentenced "'without unreasonable delay,' and 'unless excused [the delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment.'" <u>People v. Hatzman</u>, 637 N.Y.S.2d 866, 868 (4th Dep't 1996) (quoting <u>People v. Drake</u>, 61 N.Y.2d 359, 367 (1984)). Unlike delays between conviction and initial sentencing, there is no presumption of prejudice when delays occur between sentencing and resentencing. <u>Id.</u> at 869. Thus, a defendant affirmatively must demonstrate prejudice resulting from the delay between sentencing and resentencing. <u>Id.</u> Petitioner has not demonstrated any prejudice resulting from the delay, nor could he, given that the resentencing involved only the PRS component of his sentence. Thus, he cannot show that his rights under New York State law were violated, much less his federal constitutional rights.

### C.   Petitioner's Motion for Default Judgment

On December 6, 2013, Petitioner moved for default judgment against Respondent based upon Respondent's undated motion for an extension of time to file an answer to his habeas petition. Respondent apparently had not received the Court's initial scheduling order, and had only learned of the matter after receiving a copy of a November 2013 status inquiry from Petitioner. The Court (Siragusa, D.J.) granted the request for an extension, and Respondent served his answer within the deadline.

"Although, in civil cases, a party's failure to respond justifies the entry of judgment against the defaulting party, default in responding to a habeas petition presents a different situation." Jackson v. Kuhlman, 94-CV-5934, 1996 WL 1088202, at *1 (E.D.N.Y. Oct. 8, 1996) (citation omitted). The Second Circuit made it clear in Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984), that default judgment should not be granted in favor of a habeas petitioner without a court first reaching the merits of the underlying petition. Id. at 21. As discussed above, the claims asserted in the instant petition lack merit. Thus, the entry of a judgment of default against Respondent is unwarranted. See id. Petitioner's motion for default judgment is denied with prejudice.

## IV.  Conclusion

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied, and the petition (Dkt #1) is dismissed.

Petitioner's motion for default judgment (Dkt #14) is denied with prejudice. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith, and therefore denies in forma pauperis status for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Further requests for in forma pauperis status and for the appointment of pro bono counsel should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is requested to close this case.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    March 19, 2014
          Rochester, New York

-12-